**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH DAKOTA**

| | |
|---|---|
| DAVID Q. WEBB, ) | |
| ) | |
| Plaintiff(s) ) | CASE NO. 3:23-cv-3017 |
| ) | |
| V. ) | |
| ) | |
| STATE OF SOUTH DAKOTA; ) | VERIFIED COMPLAINT TO REFLECT |
| PENNINGTON COUNTY ) | FRAUD-UPON-THE-COURT |
| GOVERNMENT; JANINE M. ) | IN ACCORDANCE WITH <u>HAZEL-ATLAS</u> |
| KERN AND BRIAN MUELLER, ) | <u>GLASS COMPANY v. HARTFORD-EMPIRE</u> |
| SHERIFF; LARA ROETZEL & ) | <u>COMPANY</u>, 322 U. S. 238 (1944) |
| TIMOTHY RENSCH, ) | |
| ) | |
| Defendants. ) | |
| ) | **DEMAND FOR CIVIL JURY TRIAL** |

## I. THE PARTIES TO THIS COMPLAINT

B. Defendant(s).

**Defendant No. 1**

Name, Job or Title (if known): **STATE OF SOUTH DAKOTA**

Street Address City and County: 500 East Capitol Avenue, Pierre, Hughes County

State and Zip Code: South Dakota 57501

Telephone Number: (605) 773-3212

**Official Capacity**

**Defendant No. 2**

Name, Job or Title (if known): **PENNINGTON COUNTY GOVERNMENT**

Street Address City and County: 130 Kansas City Street, Rapid City, Pennington County

State and Zip Code: South Dakota 57701

1

Telephone Number: (605) 394-2174

**Official Capacity**

**Defendant No. 3**

Name, Job or Title (if known): **HONORABLE JANINE M. KERN - Bar No.**

Street Address City and County: **South Dakota Supreme Court**, 500 East Capitol Avenue, Pierre, Hughes County

State and Zip Code: South Dakota 57501

Telephone Number: (605) 773-3511

**Individual & Official Capacities**

**Defendant No. 4**

Name, Job or Title (if known): **BRIAN MUELLER, PENNINGTON COUNTY SHERIFF**

Street Address City and County: **Public Safety Building**, 300 Kansas City Street, Rapid City, Pennington County

State and Zip Code: South Dakota 57701

Telephone Number: (605) 394-6113

**Individual & Official Capacities**

**Defendant No. 5**

Name, Job or Title (if known): **LARA ROETZEL, PENNINGTON COUNTY STATE ATTORNEY**

Street Address City and County: 130 Kansas City Street, Rapid City, Pennington County

State and Zip Code: South Dakota 57701

Telephone Number: (605) 394-2191

**Individual & Official Capacities**

**Defendant No. 6**

Name, Job or Title (if known): **ATTORNEY TIMOTHY RENSCH**

2

Street Address City and County: 832 Saint Joseph Street, Rapid City, Pennington County

State and Zip Code: South Dakota 57701

Telephone Number: (605) 341-1111

**Individual Capacity**

II. **PREVIOUS LAWSUITS**

**Describe the Lawsuit:**

On 20 July 2011, **Plaintiff Webb** was pulled over by **Defendant Murray**, an **Ogden City Police Officer**, after doing a U-Turn and Chasing **Plaintiff Webb** at a High-Rate of Speed for 46 Seconds before ever seeing the Rear License Plate Bulb. **Plaintiff Webb** alleged this Stop was illegal, as was the subsequent Detention, Arrest, and Search.

**Defendant Murray** transported **Plaintiff Webb** to the **Weber County Jail** where He requested **Plaintiff Webb** be Strip-Searched and Booked into Jail.

**Defendant West** ordered **Defendant G. Sever** to Strip-Search **Plaintiff Webb**, which was contrary to Jail Policy and in violation of **Plaintiff Webb's** Constitutional Rights.

After the illegal Strip-Search, **Plaintiff Webb** was Punished by Defendant West for invoking His **5th Amendment Civil Right** against Self-Incrimination, by being placed in a small concert floor cell without any bathroom and/or sitting area and refused to allow **Plaintiff Webb** to use the bathroom for more than four (4) hours.

**Plaintiff Webb** was held in Jail without any Judicial Determination of Probable Cause for Five (5) Days.

When **Plaintiff Webb** was finally brought before a Judge on 26 July 2011, the Charges were Stricken and **Plaintiff Webb** was Released from Jail.

On 15 August 2011, Plaintiff Webb filed a **42 U. S. C. 1983, Action Pro Se** for violating His **United States Constitutional Civil Rights** by various **Ogden City** and **Weber County Defendants**.

**Parties to this previous lawsuit:**

Plaintiff(s):

**David Q. Webb**

Defendant(s):

Kevin Murray, et al.

**Court and Name of District**:

**U. S. District Court for the Northern District of Utah**

**Docket Number**:

**1:11-CV-00128-DN-EJF**

**Assigned Judge**:

**Honorable David Nuffer**, U. S. District Judge and **Honorable Evelyn J. Furse**, U. S. Magistrate Judge

**Disposition**: (For example, was the Case Dismissed as Frivolous or for Failure to State a Claim? Was it Appealed? Is it still pending?)

This Case was Vigorously Fought in the **U. S. District Court for the Northern District of Utah** and Appealed to the **U. S. Court of Appeals for the 10th Circuit** where **Pro Se Plaintiff Webb Won on Appeal.**

**Approximate Filing Date of Lawsuit**:

**23 August 2011**

**Approximate Date of Disposition**:

This Case ended in an Out of Court Settlement through the Court's Mediation Program via **Senior U. S. Magistrate Judge Brooke C. Wells** in the Winter of 2017.

### III. BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."

A. Are you bringing suit against (check all that apply):

**State or local officials (a § 1983 claim).**

B. **Section 1983** allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." **42 U.S.C. § 1983**.

If you are suing under **Section 1983**, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

This Court's Jurisdiction is pursuant to **28 U. S. C. 1331**, based on the **U. S. Constitutional** violations under the **4th & 14th Amendments** by the Named Below **Defendants** pursuant to **42 U. S. C. 1983**, as "State Actors" under "Color of Law."

D. **Section 1983** allows defendants to be found liable only when they have acted "**under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983**. If you are suing under **section 1983**, explain how each defendant acted under **color of state or local law**.

IV. **STATEMENT OF CLAIM**

This would be litigated in accordance with **Hazel-Atlas Glass Co. v. Hartford-Empire Co.**, 322 U. S. **238** (1944), overruled on other grounds by **Standard Oil Co. of California v. United States**, 429 U. S. 17 (1976), which **Mandates** that the **Defendants** can make **NO Defense of the allegations**, because the "**Fraud-Upon-The-Court**" is inherent within the **Official Court Record [Pennington County Seventh Judicial Circuit Court Case (STATE v. DAVID Q. WEBB) & U. S. District Court for the District of South Dakota - Case No. 5:00-CV-005017] Intrinsically and Extrinsically** by the violations of **Plaintiff Webb's 4th & 14 Amendments** under the **U. S. Constitution** by the **State of South Dakota & Pennington County Named Defendants** "State Actors" under "Color of Law" for the **Illegal Detainment & Denial of Equal Protection Under the Laws** based on **Plaintiff Webb [David Q. Webb] Color, Race and National Origin** as an **African American Male**.

The **U. S. Supreme Court** held in **Hazel-Atlas Glass Co. v. Hartford-Empire Co.**, 322 U. S. 228 (1944) - -

"...Syllabus

Upon appeal from a judgment of the District Court denying relief in a suit by Hartford against Hazel for infringement of a patent, the Circuit Court of Appeals in 1932 held Hartford's patent valid and infringed, and, upon its mandate, the District Court entered judgment accordingly. In 1941, Hazel commenced in the Circuit Court of Appeals this proceeding, wherein it conclusively appeared that Hartford, through publication of an article purporting to have been written by a disinterested person, had perpetrated a fraud on the Patent Office in obtaining the patent and on the Circuit Court of Appeals itself in the infringement suit. Upon review here of an order of the Circuit Court of Appeals denying relief, *held:*

1. Upon the record, the Circuit Court of Appeals had the power and the duty to vacate its 1932 judgment and to give the District Court appropriate directions. P. 322 U. S. 247.

(a) Even if Hazel failed to exercise due diligence to uncover the fraud, relief may not be denied on that ground alone, since public interests are involved. P. 322 U. S. 246.

(b) In the circumstances, Hartford may not be heard to dispute the effectiveness, nor to assert the truth, of the article. P. 322 U. S. 247..."

**Fraud-Upon-The-Court** [Defined as Fraud on the court "occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of act or unfairly hampering the Judicial Proceedings - -] in accordance with **HAZEL-ATLAS GLASS COMPANY v. HARTFORD-EMPIRE COMPANY**, 322 U. S. 238 (1944) **exacerbated** by **Judicial Misconduct** [Defendant Janine M. Kern] and **Conspiracy** by the **Pennington County Named Defendants** [Defendants Brain Meuller & Lara Roetzel] with **Intentional Discrimination** against **Pro Se Appellant Webb** based solely on His **Race, Color** and **National Origin** as **Recipients of Federal Funding** in violation of **Plaintiff Webb's United States Civil Rights** against the **4th** and **14th Amendments** in violation of **42 U. S. C. 2000d, et sequences**.

The **State of South Dakota & Pennington County Government** [Defendants **HONORABLE JANINE M. KERN; BRIAN MUELLER, SHERIFF** and **LARA ROETZEL, PENNINGTON COUNTY STATE ATTORNEY**] are not **Protected** by **Absolute** and/or **Qualified Immunities** for their **Actions** taken in their **Official Capacities**, because these **Actions** were "taken in the complete absence of all Legal Jurisdiction." See **Mireles v. Waco**, 502 U. S. 9, 11-12 (1991) & **Pembaur v. City of Cincinnati**, 475 U. S. 469, 483 (1986).

**Claims Alleged Against Each Defendant**:

**COUNT I: 42 U. S. C. 2000d, et seq, UNDER TITLE VI OF THE CIVIL RIGHTS ACT OF 1964**

In June 1998, the **State of South Dakota** and the **Pennington County Government** [Pennington County Jail] were both Recipients of Federal Funding from the **United States Department of Justice** before, during and after the "**Custom, Policy or Practice to Falsely Imprison Individuals**" with **Intentional Discrimination** based solely on **Plaintiff Webb's Race, Color** and **National Origin** as an **African American Male**, which caused the **illegal Imprisonment** for One (1) Year from 29 June 1999 through 29 June 2000, at the **Pennington County Jail**.

**42 U. S. C. 2000d, et seq, under Title VI of the Civil Rights Act of 1964, Aborgates All Immunity** upon the acceptance of **Federal Funding, because Pro Se Plaintiff David Webb** is **Alleging Intentional Discrimination** under the **4th Amendment - Illegal Seizure & 14th Amendment - Equal Protection Under the Law** against the **State Actor Defendants** in their **Official Capacity** based on **Plaintiff Webb's Race, Color and National Origin** as an **African American Male** under **42 U. S. C. 1983**.

All **Absolute & Qualified Immunity** is **Official Immunity** derived from the **11th Amendment of the U. S. Constitution**, which has been completely abrogated under **42 U. S. C. 2000d, et seq, under Title VI**.

6

If the **State or Local Government Entities** Receive Federal Funding for whatever purpose, They Cannot Claim **Sovereign Immunity** if They are Sued in **Federal Court** for **Discrimination**. The **United States Code Title 42, Section 2000d, et seq**, explicitly precludes such **Immunity**.

### Defendants STATE OF SOUTH DAKOTA & PENNINGTON COUNTY GOVERNMENT

**Plaintiff Webb** further alleges that as a **Federal Funding Recipients** the **State of South Dakota's & Pennington County Government's Sovereign Immunity** was completely **Abrogated by 42 U. S. C. 2000d, et seq, under Title VI of the Civil Rights Act of 1964**, for having "**Custom, Policy or Practice to Falsely Imprison Individuals**" with **Intentional Discrimination** based solely on **Plaintiff Webb's Race, Color** and **National Origin** as an **African American Male**, which caused the violation of **Plaintiff Webb's U. S. Constitutional Civil Rights** under the **4th & 14th Amendments** that have injured Him for being **illegally Detained** at the **Pennington County Jail** from 29 June 1999 through 29 June 2000, which affords a **Private Right of Action** under **42 U. S. C. 1983**, which affords **Money Damages**.

Secondly, **Pro Se Plaintiff Webb** asserts **Defendant's STATE OF SOUTH DAKOTA & PENNINGTON COUNTY GOVERNMENT** [As Final Policy Makers], "...A state's waiver of Eleventh Amendment immunity and consent to suit must be "unequivocally expressed." **Pennhurst State Sch. & Hosp. v. Halderman**, 465 U.S. 89, 99, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *accord* **Actmedia, Inc. v. Stroh**, 830 F.2d 957, 963 (9th Cir. 1986) ("The test for finding waiver by a state of its eleventh-amendment immunity is 'stringent.' ") (quoting **Atascadero State Hosp. v. Scanlon**, 473 U.S. 234, 241, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985) ), *disapproved of on other grounds by* **Retail Digital Network, LLC v. Prieto**, 861 F.3d 839, 841–42 (9th Cir. 2017) (en banc)..." See **Doe v. Regents of the University of California**, 891 F.3d 1147, 1153 (9th Cir. 2018).

For **Evidence of Waiver Pro Se Plaintiff Webb** presents that the **Defendant's STATE OF SOUTH DAKOTA & PENNINGTON COUNTY GOVERNMENT** [As the Final Policy Maker] **CONSENTED** to Suit in Federal Courts when entering into a **Contract** for **Recipient of Federal Funding** from the **United States Department of Justice** [See **The United States Department of Justice - Overview of Title VI of the Civil Rights Act of 1964 - -**

["…...**Section 2000d-7** was a direct response to the **Supreme Court's** decision in **Atascadero State Hospital v. Scanlon**, 473 U.S. 234 (1985). In **Atascadero**, the Court held that **Congress** had not provided sufficiently clear statutory language to remove **States' Eleventh Amendment immunity for Section 504 claims** and reaffirmed that "mere receipt of federal funds" was insufficient to constitute a waiver. 473 U.S. at 246. But the Court stated that if a statute "manifest[ed] a clear intent to condition participation in the programs funded under the Act on a State's consent to waive its constitutional immunity," the federal courts would have jurisdiction over States that accepted federal funds. Id. at 247. Congress recognized that the holding of Atascadero had implications for not only **Section 504**, but also **Title VI and Title IX of the Education Amendments,** each of which applied to those "program[s] or activit[ies] receiving Federal financial

assistance." See S. Rep. No. 388, 99th Cong., 2d Sess. 28 (1986); 131 Cong. Rec. 22,346 (1985) (**Sen. Cranston**); see also <u>United States Dep't of Transp. v. Paralyzed Veterans of Am.</u>, 477 U.S. 597, 605 (1986) ("Under * * * **Title VI, Title IX, and § 504, Congress** enters into an arrangement in the nature of a contract with the recipients of the funds: the recipient's acceptance of the funds triggers coverage under the nondiscrimination provision.").

**Section 2000d, et sequence** makes unambiguously clear that **Congress** intended **States** to be amenable to suit in federal court under **Title VI and Section 504** if they accepted federal funds.

The **Supreme Court**, in <u>**Lane v. Peña**</u>, 518 U.S. 187, 200 (1996), acknowledged "the care with which Congress responded to our decision in <u>**Atascadero**</u> by crafting an unambiguous waiver of the **States' Eleventh Amendment immunity** "in **Section 2000d, et seq**. As the **Department of Justice** explained to **Congress** while the legislation was under consideration, "[t]o the extent that the proposed amendment is grounded on congressional spending powers, [it] makes it clear to [S]tates that their receipt of Federal funds constitutes a waiver of their [E]leventh [A]mendment immunity." 132 Cong. Rec. 28,624 (1986). On signing the bill into law, **President Reagan** <u>similarly explained that the Act "subjects States, as a condition of their receipt of Federal financial assistance, to suits for violation of Federal laws prohibiting discrimination on the basis of handicap, race, age, or sex to the same extent as any other public or private entities</u>." 22 Weekly Comp. Pres. Doc. 1421 (Oct. 27, 1986), reprinted in 1986 U.S.C.C.A.N. 3554.

**Section 2000d-**7 thus puts States on notice that part of the "**contract**" for receiving federal funds is the requirement that each agency receiving funds consent to suit in federal court for alleged violations of **Title VI and Section 504**. The entire package (nondiscrimination obligation and removal of **Eleventh Amendment immunity**) is conditioned on the agency accepting the federal financial assistance…"].

The **Federal Jurisdiction** for the above **Defendant** is under **28 U. S. C. 1331**.

COUNT II: <u>42 U. S. C. 1983</u>

- **Plaintiff Webb incorporates these allegations and facts** from above under **COUNT I:**, herewith against the below **Defendants**.

[1] <u>Defendant STATE OF SOUTH DAKOTA</u>, had a "**Custom, Policy or Practice to Falsely Imprison Individuals**" with **Intentional Discrimination** based solely on **Plaintiff Webb's Race, Color** and **National Origin** as an **African American Male**, which caused the **False Imprisonment** for One (1) Year from 29 June 1999 through 29 June 2000, at the **Pennington County Jail, in violation of the South Dakota State Constitution [Article VI - Sections 1; 2; 7; 11; 18** and **26] and South Dakota Codified Law [23A-27-18.1 - "…may include the requirement that the defendant be imprisoned in the county jail for a specific period not exceeding three hundred sixty-five days…"],** which affords a **Private Right of Action** under **42 U. S. C. 1983**, which affords **Money Damages**.

This **Adjudicated** "**Custom, Policy or Practice to Falsely Imprison Individuals**" with **Intentional Discrimination** caused the violation of **Plaintiff Webb's U. S. Constitutional Civil Rights** under the **4th & 14th Amendments** as "**State Actors Under The Color of Law.**"

On ___ June 1999 the **Honorable Janine M. Kern** sitting on the Bench of the **Pennington County Seventh Judicial Circuit** in **Rapid City, South Dakota** in Case [**STATE v. DAVID Q. WEBB**] Sentenced **Plaintiff Webb** to Two (2) Consecutive One (1) Year Misdemeanor Traffic Violations to be Served at the **Pennington County Jail** in Violation of the **South Dakota Codified Law** [23A-27-18.1 - "...**may include the requirement that the defendant be imprisoned in the county jail for a specific period not exceeding three hundred sixty-five days...**"] and the **South Dakota Constitution** [**Article VI - Sections 1**; **2**; **7**; **11**; **18** and **26**], which violated the **U. S. Constitution - 4th Amendment - illegal Seizure** for the Second - One (1) Year Misdemeanor Traffic Violation Incarcerated at the **Pennington County Jail** beyond 365 Consecutive Days.

Plaintiff Webb was held from 29 June 1998 through 04 Marc 2000, without any pause from Incarceration and then was Released and placed on Three (3) Months of Probation until 29 June 2000.

Henceforth, **Defendant HONORABLE JANINE M. KERN** is held accountable pursuant to **Mireles v. Waco**, 502 U. S. 9, 11-12 (1991).

[2] **Defendant BRAIN MUELLER,** Pennington County Sheriff (**Official Capacity**) was a **Final Policy Maker** in His **Official Capacity** for the **Pennington County Government** and failed to ensure that **Plaintiff Webb** was not **Falsely Imprisoned**, which affords a **Private Right of Action** under **42 U. S. C. 1983**, which affords **Money Damages**.

From 29 June 1999 through 04 March 2000, **Defendant BRAIN MUELLER,** Pennington County Sheriff held Plaintiff Webb in Violation of the **South Dakota Codified Law** [23A-27-18.1 - "...**may include the requirement that the defendant be imprisoned in the county jail for a specific period not exceeding three hundred sixty-five days...**"] and the **South Dakota Constitution** [**Article VI - Sections 1**; **2**; **7**; **11**; **18** and **26**], which violated the **U. S. Constitution - 4th Amendment - illegal Seizure** for the Second - One (1) Year Misdemeanor Traffic Violation Incarcerated at the **Pennington County Jail** beyond 365 Consecutive Days.

This **Adjudicated** "**Custom, Policy or Practice to Falsely Imprison Individuals**" with **Intentional Discrimination** caused the violation of **Plaintiff Webb's U. S. Constitutional Civil Rights** under the **4th & 14th Amendments** as "**State Actors Under The Color of Law.**"

Henceforth, **Defendant BRIAN MUELLER, SHERIFF** is held accountable pursuant to **Pembaur v. City of Cincinnati**, 475 U. S. 469, 483 (1986).

[3] **Defendant LARA ROETZEL**, Pennington County State Attorney was a **Final Policy Maker** in Her **Official Capacity** for the **Pennington County Government** and failed to ensure that **Plaintiff Webb** was not **Falsely Imprisoned**, which affords a **Private Right of Action** under **42 U. S. C. 1983**, which affords **Money Damages**.

On ___ June 1999 the **Honorable Janine M. Kern** sitting on the Bench of the **Pennington County Seventh Judicial Circuit** in **Rapid City, South Dakota** in Case [**STATE v. DAVID Q. WEBB**] Sentenced **Plaintiff Webb** to Two (2) Consecutive One (1) Year Misdemeanor Traffic Violations to be Served at the **Pennington County Jail** in Violation of the **South Dakota Codified Law** [23A-27-18.1 - "**...may include the requirement that the defendant be imprisoned in the county jail for a specific period not exceeding three hundred sixty-five days...**"] and the **South Dakota Constitution** [Article VI - Sections 1; 2; 7; 11; 18 and 26], which violated the **U. S. Constitution - 4th Amendment - illegal Seizure** for the Second - One (1) Year Misdemeanor Traffic Violation Incarcerated at the **Pennington County Jail** beyond 365 Consecutive Days.

Plaintiff Webb was held from 29 June 1998 through 04 Marc 2000, without any pause from Incarceration and then was Released and placed on Three (3) Months of Probation until 29 June 2000.

**Defendant LARA ROETZEL**, Pennington County State Attorney <u>FAILED to Raise Objections for the Official Court Record that the Sentencing of Plaintiff Webb to Two (2) Consecutive One (1) Year Terms to be served at the Pennington County Jail Violated</u> **South Dakota Codified Law** [23A-27-18.1 - "**...may include the requirement that the defendant be imprisoned in the county jail for a specific period not exceeding three hundred sixty-five days...**"] <u>and the</u> **South Dakota Constitution** [Article VI - Sections 1; 2; 7; 11; 18 and 26].

This **<u>Adjudicated</u>** "**Custom, Policy or Practice to Falsely Imprison Individuals**" with **Intentional Discrimination** caused the violation of **Plaintiff Webb's U. S. Constitutional Civil Rights** under the **4th & 14th Amendments** as "**State Actors Under The Color of Law.**"

Henceforth, **Defendant LARA ROETZEL, PENNINGTON COUNTY STATE ATTORNEY** is held accountable pursuant to **Pembaur v. City of Cincinnati**, 475 U. S. 469, 483 (1986).

The "**State Actors**" under "**Color of Law**" are **Law Enforcement Staff Personnel** of the **Pennington County Sheriff Department & Pennington County State Attorney's Office**.

**Plaintiff Webb** alleges that all **Pennington County Government Defendant Employees** Named above in their **Official Capacities** Acting as "**State Actors**" under "**Color of Law**" are also stripped of any **State Sovereign Immunity** and/or **Absolute** or **Qualified Immunity**, because **42 U. S. C. 2000d, et seq, under Title VI, <u>ABROGATES</u>** all **Official Immunities** derived from the **11th Amendment of the U. S. Constitution for Intentional Discrimination**.

The **Federal Jurisdiction** for the above **Defendants** is under **28 U. S. C. 1331**.

**COUNT III:** <u>**4th AMENDMENT OF THE U. S. CONSTITUTION**</u>

- **Plaintiff Webb incorporates these facts herewith** from above under **COUNT I:** and **COUNT II:** above herewith against these below **Defendants**.

**[1] Defendant HONORABLE JANINE M. KERN (Official Capacity)** was a **Final Policy Maker** in His **Official Capacity** for the **STATE OF SOUTH DAKOTA** and failed to ensure that **Plaintiff Webb** was not **Falsely Imprisoned**, which affords a **Private Right of Action** under **42 U. S. C. 1983**, which affords **Money Damages**.

This <u>**Adjudicated**</u> "**Custom, Policy or Practice to Falsely Imprison Individuals**" with **Intentional Discrimination** caused the violation of **Plaintiff Webb's U. S. Constitutional Civil Rights** under the **4th Amendment** as "**State Actors Under The Color of Law.**"

**[2] Defendant BRAIN MUELLER,** Pennington County Sheriff was a **Final Policy Maker** in His **Official Capacity** for the **Pennington County Government** and failed to ensure that **Plaintiff Webb** was not **Falsely Imprisoned**, which affords a **Private Right of Action** under **42 U. S. C. 1983**, which affords **Money Damages**.

This <u>**Adjudicated**</u> "**Custom, Policy or Practice to Falsely Imprison Individuals**" with **Intentional Discrimination** caused the violation of **Plaintiff Webb's U. S. Constitutional Civil Rights** under the **4th Amendment** as "**State Actors Under The Color of Law.**"

**[3] Defendant LARA ROETZEL**, Pennington County State Attorney was a **Final Policy Maker** in Her **Official Capacity** for the **Pennington County Government** and failed to ensure that **Plaintiff Webb** was not **Falsely Imprisoned**, which affords a **Private Right of Action** under **42 U. S. C. 1983**, which affords **Money Damages**.

This <u>**Adjudicated**</u> "**Custom, Policy or Practice to Falsely Imprison Individuals**" with **Intentional Discrimination** caused the violation of **Plaintiff Webb's U. S. Constitutional Civil Rights** under the **4th Amendment** as "**State Actors Under The Color of Law.**"

The **Federal Jurisdiction** for the above **Defendants** is under **28 U. S. C. 1331**.

COUNT IV: <u>6th AMENDMENT OF THE U. S. CONSTITUTION</u>

**[1] Defendant ATTORNEY TIMOTHY RENSCH,** (**Individual Capacity**) failed to afford the 6th Amendment pursuant to <u>**Strickland v. Washington**</u>, 466 U. S. 668 (1984) to **Plaintiff Webb** as a **Right of Effective Assistance of Counsel**, and the benchmark for judging any claim of ineffectiveness must be whether Counsel's conduct so under mindined the proper functioning of the Adversarial process that the Trial Cannot be Relied on as having produced a just Result by Not Contesting the **False Imprisonment** of **Plaintiff Webb with Objections on the Official Court Record,** which affords a **Private Right of Action** under **42 U. S. C. 1983**, which affords **Money Damages**.

On ___ June 1999, **Defendant ATTORNEY TIMOTHY RENSCH,** in Rapid City, South Dakota in **Case [<u>STATE v. DAVID Q. WEBB</u>]** DID NOT PROPERLY OBJECT AGAINST the **Honorable Janine M. Kern** sitting on the Bench of the **Pennington County**

Seventh Judicial Circuit in Rapid City, South Dakota in Case [**STATE v. DAVID Q. WEBB**] Sentencing **Plaintiff Webb** to Two (2) Consecutive One (1) Year Misdemeanor Traffic Violations to be Served at the **Pennington County Jail** in Violation of <u>**South Dakota Codified Law**</u> [23A-27-18.1 - "...may include the requirement that the defendant be imprisoned in the county jail for a specific period not exceeding three hundred sixty-five days..."] <u>and the</u> <u>**South Dakota Constitution**</u> [Article VI - Sections 1; 2; 7; 11; 18 and 26].

### COUNT V: <u>14th AMENDMENT OF THE U. S. CONSTITUTION</u>

- **Plaintiff Webb incorporates these facts herewith** from above under **COUNT I; COUNT II;** and **COUNT III**, herewith against the below **Defendants**.

[1] Defendant HONORABLE JANINE M. KERN (Official Capacity) was a **Final Policy Maker** in Her **Official Capacity** for the **STATE OF SOUTH DAKOTA** and failed to ensure that **Plaintiff Webb** was not **Falsely Imprisoned**, which affords a **Private Right of Action** under **42 U. S. C. 1983**, which affords **Money Damages**.

This <u>**Adjudicated**</u> "Custom, Policy or Practice to Falsely Imprison Individuals" with **Intentional Discrimination** caused the violation of **Plaintiff Webb's U. S. Constitutional Civil Rights** under the **14th Amendment** as "State Actors Under The Color of Law."

[2] <u>**Defendant BRAIN MUELLER,**</u> Pennington County Sheriff was a **Final Policy Maker** in His **Official Capacity** for the **Pennington County Government** and failed to ensure that **Plaintiff Webb** was not **Falsely Imprisoned**, which affords a **Private Right of Action** under **42 U. S. C. 1983**, which affords **Money Damages**.

This <u>**Adjudicated**</u> "Custom, Policy or Practice to Falsely Imprison Individuals" with **Intentional Discrimination** caused the violation of **Plaintiff Webb's U. S. Constitutional Civil Rights** under the **14th Amendment** as "State Actors Under The Color of Law."

[3] <u>**Defendant LARA ROETZEL**</u>, Pennington County State Attorney was a **Final Policy Maker** in Her **Official Capacity** for the **Pennington County Government** and failed to ensure that **Plaintiff Webb** was not **Falsely Imprisoned**, which affords a **Private Right of Action** under **42 U. S. C. 1983**, which affords **Money Damages**.

This <u>**Adjudicated**</u> "Custom, Policy or Practice to Falsely Imprison Individuals" with **Intentional Discrimination** caused the violation of **Plaintiff Webb's U. S. Constitutional Civil Rights** under the **14th Amendment** as "State Actors Under The Color of Law."

The **Federal Jurisdiction** for the above **Defendants** is under **28 U. S. C. 1331**.

### COUNT VI: <u>42 U. S. C. 1985(3) - Depriving Persons Of Rights or Privileges</u>.

**Plaintiff Webb** incorporates <u>**COUNTS II; III & V**</u> above against **Defendant Attorneys Janine M. Kern** and **Lara Roetzel** along with **Pennington County Sheriff Brain Meuller** for the **State of South Dakota** conspired with the **Pennington County Government** for the purpose

of Depriving, either directly or indirectly, **Plaintiff David Q. Webb** of the **Equal Protection of the Laws, or of Equal Privileges and Immunities under the Laws** for the purpose of preventing or hindering the constituted Authorities of the **State of South Dakota** from giving or Securing to **Plaintiff Webb** within the **State of South Dakota** the **Equal Protection of the Laws** in any Case of Conspiracy set forth in this Section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such Conspiracy, whereby another is injured in his Person or Property, or Deprived of having and exercising any Right or Privilege as a Citizen of the United States, **Plaintiff Webb** so Injured or Deprived may have an Action for the Recovery of Damages occasioned by such Injury or Deprivation, against the Conspirators (**Defendant Attorneys Janine M. Kern (Former Judge within the Pennington County Seventh Judicial Circuit Court) and Pennington County State Attorney (Defendant Lara Roetzel) along with Pennington County Sheriff (Defendant Brain Meuller)**]. See the above **Facts** in **COUNTS II; III** and **V**, explicitly detailing each of the above **Defendants**.

The **Federal Jurisdiction** for the above **Defendants** is under **28 U. S. C. 1331**.

### COUNT VII: <u>STATE OF SOUTH DAKOTA VICARIOUS LIABILITY</u>.

**Vicarious liability, in the employment context, allows the employer to sometimes be held liable for actions, or inactions, that the employee took. Generally, this would be when the employee was negligent while acting for the employer within their job duties.** See *Cameron v. Osler*, 2019 S.D. 34

[1] <u>Defendant STATE OF SOUTH DAKOTA</u> as the **Final Policy Maker**, became **Vicariously Liable** pursuant to *Cameron v. Osler*, 2019 S.D. 34, as soon as **Defendant KERN** participated in **COUNTS II, III** and **V**, explicitly detailed above.

[1] <u>Defendant PENNINGTON COUNTY GOVERNMENT</u> as the **Final Policy Maker**, became **Vicariously Liable** pursuant to *Cameron v. Osler*, 2019 S.D. 34, as soon as **Defendants MEULLER** and **ROETZEL** participated in **COUNTS II, III** and **V**, explicitly detailed above.

The **Federal Jurisdiction** for the above Defendants is under **28 U. S. C. 1367**.

### V. <u>INJURIES</u>

**Plaintiff Webb** alleges that all of the above **Defendants** Acting in Their **Official Capacities** as "State Actors" violated **Plaintiff Webb's U. S. Constitutional Civil Rights & South Dakota State Tort Laws** that caused **Extreme Mental Anguish** and **Pain & Suffering** while being **Deliberately Indifferent** towards **Plaintiff Webb**.

13

## VI. **RELIEF**

I am seeking Compensation for **Money Damages** from the **State of South Dakota and Pennington County Government** and specifically **Named "State Actors"** under **"Color of Law" Defendants** in their **Official & Individual Capacities** after being denied the **Protection Under The Laws of the United States Constitution under the 14th Amendment** while being held illegally by the **Pennington County Jail** in Rapid City, South Dakota from 29 June 1999 through 29 June 2000 in violation of the **United States Constitution under the 4th Amendment.**

**[1]** These are the amicable **Money Damages** for the Unconscionable Mental Anguish Suffered from being Mentally Abused by the **"State Actors"** under **"Color of Law"** during the above events, as follows:

Paying the Cumulative Total Sum of **$8.8 Million Dollars** from the **State of South Dakota** and **Pennington County Government** and/or its Indemnification Insurer to **Plaintiff Webb**.

**[2]** These are the amicable **Money Damages** for the Unconscionable Mental Anguish Suffered from being Mentally Abused by the **State of South Dakota** and **Pennington County Government** as **Named Defendant Each Paying the Sum of $780,000.00, for Their Legal Liability** under the **Vicarious Liability Statute** pursuant to *Cameron v. Osler*, 2019 S.D. 34, Whom **Employees** made their **Employer Legally Culpable,** which basically stipulates:

> "... **In South Dakota, the General Rule is that in order to hold an Employer Vicariously Liable for the Torturous Acts of its Employees, the Employee must have been Acting in furtherance of the Employer's Business and within the Course and Scope of Employment when the Torturous Act was committed..."**

**WHEREFORE,** Plaintiff **DAVID Q. WEBB** respectively prays that this **Court:**

  A. Enter Judgment in his favor and against All Named Defendants.
  B. Award Compensatory Damages, Attorney's Fees, and Costs against each Defendant, and Punitive Damages against each of the Defendants in their Individual Capacity.
  C. Grant such other and further Relief as the Court deems Equitable and Just.

## VII. **CERTIFICATION AND CLOSING**

Under **Federal Rule of Civil Procedure 11**, by signing below, I certify to the best of my knowledge, information, and belief that this Amended Complaint:

(1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual

contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of **Rule 11**.

      I agree to provide the **Clerk's Office** with any changes to my address where Case-Related papers may be served. I understand that my failure to keep a current address on File with the Clerk's Office may result in the dismissal of my Case.

Date of signing: 26 July 2023

Signature of Plaintiff:                         Printed Name of Plaintiff: David Q. Webb

      I **Certify or Declare under Penalty of Perjury** under the **Laws of the State of South Dakota & Florida and the United States of America** that the foregoing is true and correct to the best of knowledge, information and belief in accordance with **28 U. S. C. 1746**.

**Executed this 26th Day of July 2023.**

David Q. Webb       /s/ David Q. Webb
Print Name           Signature

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DAVID Q. WEBB

**(b)** County of Residence of First Listed Plaintiff: Miami Dade County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se Plaintiff - DAVID WEBB, General Delivery
251 Valencia Avenue
Coral Gables, FL 33134

## DEFENDANTS
STATE OF SOUTH DAKOTA, et al.

County of Residence of First Listed Defendant: Hughes County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | INTELLECTUAL PROPERTY RIGHTS | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | PERSONAL PROPERTY | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | LABOR | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | SOCIAL SECURITY | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | [X] 440 Other Civil Rights | Habeas Corpus: | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | FEDERAL TAX SUITS | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | IMMIGRATION | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | Other: 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 2000d, et seq.

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Andrew W. Bogue
DOCKET NUMBER: 5:00-CV-05017-AWB

DATE: 26 July 2023
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

**PRIORITY MAIL**
**FLAT RATE ENVELOPE**
**POSTAGE REQUIRED**

UNITED STATES POSTAL SERVICE

Retail

**US POSTAGE PAID**
**$9.65**
Origin: 33101
07/26/23
1158720102-18

PRESS FIRMLY TO SEAL

PRIORITY MAIL®

0 Lb 4.50 Oz

RDC 01

EXPECTED DELIVERY DAY: 07/29/23

B016

SHIP TO:
PO BOX 7147
PIERRE SD 57501-7147

USPS TRACKING® #

9505 5141 9972 3207 8509 78

PS00001000014
EP14F July 2022
OD: 12 1/2 x 9 1/2

PRIORITY® MAIL

FROM: DAVID WEBB
Attn: General Delivery
251 Valencia Avenue
Coral Gables, FL 33134

TO:
U.S. District Court for the District of South Dakota
Office of the Clerk of Court
P.O. Box 7147
U.S. Post Office & Courthouse
Pierre, SD 57501

To schedule free Package Pickup, scan the QR code.
USPS.COM/PICKUP



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuse may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; July 2022. All rights reserved.

This package is made from post-consumer waste. Please recycle - again.