UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| DAVID Q. WEBB,<br><br>                  Plaintiff,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA, in its official capacity; PENNINGTON COUNTY GOVERNMENT, in its official capacity; JANINE M. KERN, in her individual and official capacities; BRIAN MUELLER, Pennington County Sheriff, in his individual and official capacities; LARA ROETZEL, Pennington County State Attorney, in her individual and official capacities; TIMOTHY RENSCH, in his individual capacity,<br><br>                  Defendants. | 3:23-CV-03017-RAL<br><br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING FOR DISMISSAL |

       Plaintiff David Q. Webb filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. He filed two motions for leave to proceed in forma pauperis. Docs. 2, 4.

## I.    Motion for Leave to Proceed in Forma Pauperis

       A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court.

Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Webb's second motion to proceed in forma pauperis, Doc. 4, the Court finds that he has insufficient funds to pay the filing fee. Thus, Webb's motion for leave to proceed in forma pauperis, Doc. 4, is granted. Webb's first motion for leave to proceed in forma pauperis, Doc. 2, does not provide sufficient information for this Court to determine Webb's ability to pay, but this motion is denied as moot. This Court now screens Webb's complaint under 28 U.S.C. § 1915(e)(2).

**II.    1915 Screening**

**A.    Factual Allegations of Webb's Complaint**

Webb alleges that Defendants violated or conspired to violate his constitutional rights during his criminal trial. Doc. 1 at 5–13. In June 1999, Honorable Janine M. Kern, former circuit judge for the Seventh Judicial Circuit of South Dakota, sentenced Webb to two consecutive one-year terms for misdemeanor traffic violations to be served in the Pennington County Jail. Id. at 10. He was imprisoned from June 29, 1998, to March 4, 2000; Webb was then placed on probation for three months until June 29, 2000. Id. at 6–10, 14. Webb alleges that he was illegally imprisoned because he was denied equal protection of the law. Id. at 5, 13. He claims that Defendants committed fraud upon the court during his criminal trial because of a violation of his Fourth and Fourteenth Amendment rights. Id. at 5–6.

Webb alleges that he was detained in violation of his Equal Protection rights because of his color, race and national origin. Id. at 5, 13. Webb is an African American male. Id. at 5. He alleges that the policies of the State of South Dakota and Pennington County caused intentional discrimination to him, which resulted in his illegal imprisonment. Id. at 6, 8. Webb claims that Judge Kern sentenced him to two consecutive sentences in violation of South Dakota Codified Law § 23A-27-18.1 and the Fourth Amendment, because his incarceration for his second

misdemeanor traffic violation was for longer than 365 days. Id. at 9–10. Webb alleges that Pennington County Sheriff Brian Mueller and Pennington County States Attorney Lara Roetzel were final policy makers for Pennington County and that they failed to ensure that Webb was not falsely imprisoned. Id. at 9, 12. Timothy Rensch represented Webb during his criminal trial. Id. at 11–12. Webb alleges that Rensch did not properly object to Judge Kern sitting on the bench during his criminal trial. Id.

Webb sues the State of South Dakota and Pennington County in their official capacities. Id. at 1–2. He sues Judge Kern, Mueller, and Roetzel in their individual and official capacities. Id. at 2. He sues Rensch in his individual capacity. Id. at 2–3. Webb claims the Defendants violated his rights under 42 U.S.C. § 2000d, the Fourth Amendment, the Sixth Amendment, the Fourteenth Amendment, and 42 U.S.C. § 1985(3). Id. at 6–12.

Webb seeks a cumulative sum of $8,800,000.00 from South Dakota and Pennington County. Id. at 14. He seeks damages for his "Unconscionable Mental Anguish Suffered from being Mentally Abused by the State of South Dakota and Pennington County Government as Named Defendant Each Paying the Sum of $780,000.00, for Their Legal Liability under the Vicarious Liability Statute[.]" Id. (emphasis omitted). Webb also asks this Court for judgment in his favor against all Defendants, compensatory damages, attorney's fees, costs, punitive damages, and other relief this Court deems equitable and just. Id.

**B.    Legal Standard**

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted).

Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663–64 (8th Cir. 1985). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting Twombly, 550 U.S. at 556).

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th

4

Cir. 1982); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

C. **Webb's Causes of Action**

Webb alleges causes of action arising 42 U.S.C. § 2000d, the Fourth Amendment, the Sixth Amendment, the Fourteenth Amendment, and 42 U.S.C. § 1985(3). Id. at 6–12. A complaint may be dismissed on the court's own motion as frivolous when it is apparent the statute of limitations has run. Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992). "Although the statute of limitations is an affirmative defense, a district court may properly dismiss [a complaint at the screening stage] . . . when it is apparent the statute of limitations has run." Id.

While §§ 1983 and 1985 do not contain a specific statute of limitations, the Supreme Court has instructed courts to apply the most analogous statute of limitations to claims made under §§ 1983 and 1985. Wilson v. Garcia, 471 U.S. 261, 266–68 (1985); Bell v. Fowler, 99 F.3d 262, 265 (8th Cir. 1996). Because 42 U.S.C. § 2000d does not contain a statute of limitations, the United States Court of Appeals for the Eighth Circuit has held that the most analogous statute of limitations should apply to 42 U.S.C. § 2000d claims. Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 617 (8th Cir. 1995). South Dakota adopted a specific statute that provides that civil rights actions must be brought within three years after the alleged constitutional deprivation occurred or be barred. Bell, 99 F.3d at 266 (referencing SDCL § 15-2-15.2). Webb filed this lawsuit on July 31, 2023. Doc. 1. Because the violations alleged occurred in 1999, Webb's complaint is barred by the statute of limitations and must be dismissed.

South Dakota "ha[s] not officially adopted the equitable tolling doctrine for civil cases[.]" In re Estate of French, 956 N.W.2d 806, 81 .1 (S.D. 2021) (citing Anson v. Star Brite Inn Motel, 788 N.W.2d 822, 825 n.2 (S.D. 2010)); see also Bourassa v. United States, 581 F. Supp. 3d 1188, 1198–1200 (D.S.D. 2022) (discussing the South Dakota equitable tolling standard as applied to a Bivens claim). "The threshold for consideration of equitable tolling is inequitable circumstances not caused by the plaintiff that prevent the plaintiff from timely filing." In re Estate of French, 956 N.W.2d at 811–12 (quoting Anson, 788 N.W.2d at 826).

Webb does not allege any inequitable circumstances that prevented him from filing the lawsuit. In fact, he has previously brought two lawsuits in the District of South Dakota requesting relief because of his state criminal convictions. See Webb v. Holloway, CIV. 00-5016-KES (D.S.D.); Webb v. Kern, CIV. 10-5008-JLV (D.S.D.) (dismissed for failure to comply with the statute of limitations). Thus, Webb's complaint is barred by the statute of limitations, and this Court dismisses Webb's complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

Even if Webb's complaint were timely filed, his complaint would not survive screening under 28 U.S.C. § 1915(e)(2)(B)(ii). Webb claims that his conviction is unconstitutional because it was based on fraudulent accusations.[1] Doc. 1. These claims are barred under Heck v. Humphrey, 512 U.S. 477, 486–87, 489 (1994). Under the Heck doctrine, "in order to recover damages for

---

[1] Webb alleges that fraud on the court occurred in his state criminal trial. Doc. 1 at 5. He cited to Federal Rule of Civil Procedure 60(b) as grounds for this Court to review his state criminal conviction. See Doc. 6 at 2–3. Rule 60(b)(3) and (6) permit a court to relieve a party from a final order for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). When a plaintiff uses Rule 60(b) to challenge a state criminal conviction in a § 1983 suit, "such claims must be treated as seeking habeas corpus relief, which is not cognizable in a civil-rights action seeking relief under 42 U.S.C. § 1983." Gibson v. Sorrells, 2023 WL 3635637, at *6 (N.D. Tex. May 24, 2023) (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). Even if Rule 60(b) did provide the relief that Webb requests, his complaint is well beyond the one-year limitation for filing a Rule 60(b) motion. See Fed. R. Civ. P. 60(c)(1).

[an] allegedly unconstitutional conviction or ... for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must show that the "conviction or sentence [was] reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Id. Webb has not claimed that his conviction has been reversed, expunged, invalidated, or impugned by the granting of a writ. Thus, Webb's complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

### III. Order

Accordingly, it is

ORDERED that Webb's second motion for leave to proceed in forma pauperis, Doc. 4, is granted. It is further

ORDERED that Webb's first motion for leave to proceed in forma pauperis, Doc. 2, is denied as moot. It is finally

ORDERED that Webb's claims are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED December 8th, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

---

[2] Webb sues several Defendants that are generally immune from suit: the State of South Dakota, Pennington County, Judge Kern, and Roetzel. See Doc. 1 at 6–8, 10. Webb also sues his prior attorney, Rensch, who did not act under color of state law. See id. at 2–3; Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975 (8th Cir. 1993). Webb alleges that the State of South Dakota and Pennington County are not immune from suit because they received federal funding. Doc. 1 at 6. Webb alleges that Judge Kern, Mueller, and Roetzel are not immune to suit because their actions were taken in the absence of jurisdiction. Id. at 6–7. This Court need not individually analyze the immunity of each Defendant because Webb's claims are barred by the statute of limitations and Heck.